IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MIZRACHI, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17 C 8036 |
| LAWRENCE ORDOWER, et al., | ) |
| Defendants. | ) |
| ----- | ) |
| LAWRENCE ORDOWER, et al., | ) |
| Third party plaintiffs, | ) |
| vs. | ) |
| JAMES A.N. SMITH, et al., | ) |
| Third party defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Joseph Mizrachi has sued his former attorneys, Lawrence Ordower and the law firm Ordower & Ordower, PC, asserting claims of legal malpractice and breach of fiduciary duty. Mizrachi's claims arise from Ordower's representation of him in connection with a business transaction and related litigation. Ordower has filed a third party complaint against attorney James Smith and the law firm Kilpatrick Townsend & Stockton LLP, asserting a claim for contribution under the Illinois Joint Tortfeasor Contribution Act. Ordower alleges that the third party defendants also represented Mizrachi in connection with the relevant transaction and that they were negligent in their

representation of Mizrachi.

The third party defendants, which the Court will refer to collectively as Kilpatrick, have moved to dismiss for lack of personal jurisdiction and for failure to state a claim. For the reasons stated below, the Court concludes that it lacks personal jurisdiction over the third party defendants and therefore dismisses the third party complaint.

## Background

Mizrachi is a citizen of Florida, and the Ordower defendants are Illinois citizens. Mizrachi alleges that he retained Ordower (a term the Court will use to refer to both defendants) to represent him in connection with his acquisition of certain interests in Brentwood Capital, LLC. Brentwood is a limited liability company organized under Delaware law. Its only asset has been a membership interest in Net Lease Management Partners, LLC, which in turn owns warehouse properties in Colorado and North Carolina. Mizrachi claims that Ordower failed to protect his position appropriately and also operated under a conflict of interest that led him to favor another person with an interest in Brentwood.

Ordower denies Mizrachi's material allegations but, as indicated, also alleges that Kilpatrick, which was also representing Mizrachi, acted negligently and caused or contributed to Mizrachi's alleged injury. Kilpatrick has offices in a number of states, but not in Illinois. It is not clear to the Court exactly what Kilpatrick office Smith operated out of, except that it was not an Illinois office, as Kilpatrick does not have one.

## Discussion

When a defendant moves to dismiss a complaint for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff—here, the third party plaintiff, Ordower—bears the

burden of demonstrating the existence of jurisdiction. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). Where, as in this case, a court is asked to determine personal jurisdiction without an evidentiary hearing, the plaintiff must establish a *prima facie* case for personal jurisdiction. *Id.* "In evaluating whether the *prima facie* standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 387 (7th Cir. 2003).

When, as in this case, a federal court sits in diversity jurisdiction, it "must apply the personal jurisdiction rules of the state in which it sits." *Kipp*, 783 F.3d at 697. In Illinois, a court may "exercise jurisdiction on any basis permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). In other words, Illinois law permits the exercise of jurisdiction "up to the limits of the due process clause of the Fourteenth Amendment." *Kipp*, 783 F.3d at 697. In that sense, federal due process and Illinois state-law requirements are indistinguishable. *State of Illinois v. Hemi Group LLC,* 622 F.3d 754, 757 (7th Cir. 2010).

There are two types of personal jurisdiction—specific and general. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The exercise of specific personal jurisdiction "requires that the claims in the lawsuit arise from the defendants' contacts with the forum state." *Johnson v. Hartwell*, 690 F. App'x 412, 413 (7th Cir. 2017). For a court to exercise general personal jurisdiction, the defendants "must have had 'continuous and systematic' contacts with the forum state." *Id.* General jurisdiction gives a court the

right to hear any claims asserted against a defendant regardless of whether they arise from the defendant's contacts with the state. *Goodyear Dunlop*, 564 U.S. at 919.

Ordower contends that the Court has general jurisdiction over the Kilpatrick firm, though not over Smith individually. General jurisdiction exists only if the defendant has "continuous and systematic" contacts with a state that are "sufficiently extensive and pervasive to approximate physical presence." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2011). The Supreme Court has stated that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop*, 564 U.S. at 924.

Kilpatrick, which is a limited liability partnership, was not organized in Illinois, nor is its principal place of business here. Indeed, it does not have an office in this state. It appears to be the case, as Ordower notes, that some of its attorneys based in other states are licensed to practice in Illinois and that the firm litigates cases and engages in transactional representation of clients here. But that is not enough for general jurisdiction. Although the Supreme Court appears to have left some room for general jurisdiction beyond the states of an entity's organization and principal place of business, the sorts of activities that Kilpatrick has conducted in Illinois, even if they occur regularly, do not "render [Kilpatrick] essentially at home" in this state. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (internal quotation marks omitted). Indeed, in *BNSF Railway*, the fact that the defendant had over 2,000 miles of track and over 2,000 employees in the forum state was not enough to subject it to general jurisdiction. The inquiry, the Court stated, "calls for an appraisal of [an entity's] activities in their entirety;

4

[an entity] that operates in many places can scarcely be deemed at home in all of them." *Id.* (internal quotation marks omitted).

Kilpatrick engages in business activities in most, or perhaps all, of the fifty states. Its activities in Illinois, in the overall scheme of its business, appear relatively modest, and as indicated earlier the firm does not even have an office here. This state cannot reasonably be considered to be the firm's "home," even if one assumes that the firm might have multiple "homes" for jurisdictional purposes. In short, general jurisdiction is lacking.

Ordower also argues that specific jurisdiction exists permitting it to litigate its claim against Kilpatrick here. A court may exercise specific personal jurisdiction over a defendant "where (1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). The only contact between Kilpatrick and Illinois that Ordower cites is that Kilpatrick knew it was representing a defendant based, at least partly, in Illinois. *See* Defs.' Resp. to Mot. to Dismiss at 11. That is far from enough to permit the exercise of jurisdiction here. "The mere fact that a defendant's conduct affects a plaintiff with connections to the forum State is not sufficient to establish jurisdiction." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017).

In *Brook*, also a legal malpractice/breach of fiduciary duty case, the defendants, an Arizona lawyer and law firm, represented an Illinois-based plaintiff regarding property located in Arizona. The Arizona lawyer sent correspondence to his Illinois client and

5

made calls to Illinois to speak with him, and was paid with checks or other payments sent from Illinois, and the plaintiff felt the claimed injury in Illinois—in other words, far more contacts with Illinois than Ordower cites. The Seventh Circuit concluded that this was not enough to permit the exercise of specific jurisdiction. It stated:

> Defendants in this case never sought out nor conducted business in Illinois, rather [plaintiff] sought out legal services from Defendants. The subject matter of the representation was land in Arizona subject to Arizona law. All business on behalf of [plaintiff] was done in Arizona by an Arizona based law firm with Arizona lawyers. Put quite simply, [plaintiff] is the only link Defendants have with the forum State.

*Id.* at 553.

The same is true here. There is no indication that Kilpatrick sought out Illinois or even Mizrachi specifically; rather he sought out legal services from Kilpatrick. The subject matter of the representation was a business based in another state that held property interests in states other than Illinois. And there is no indication that Kilpatrick did any work in Illinois. *See Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986) (no jurisdiction in Wisconsin over an out of state attorney representing a Wisconsin client because the attorney committed no act or omission in Wisconsin). Specific jurisdiction is lacking in this district.[1]

## Conclusion

For the reasons stated above, the Court grants third party defendants' motion to dismiss the third party complaint for lack of personal jurisdiction [53]. The remainder of

---

[1] The Court overrules Ordower's request to conduct jurisdictional discovery because it has not shown a colorable basis for exercising personal jurisdiction. *See, e.g., Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000).

case remains set for a status hearing as scheduled on February 26, 2019.

Date: February 25, 2019

_____
MATTHEW F. KENNELLY
United States District Judge