# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH MIZRACHI<br><br>Plaintiff,<br>v.<br><br>LAWRENCE B. ORDOWER and<br>ORDOWER & ORDOWER, P.C.,<br><br>Defendants. | Case No. 1:17-cv-08036<br><br>Judge Matthew F. Kennelly |

# **FINAL PRETRIAL ORDER**

      The undersigned hereby confirm that this Final Pretrial Order contains all of the categories of information required by the Court's standing order. This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.


Respectfully submitted,

| | |
|---|---|
| */s/ Lee H. Rubin*<br>Lee H. Rubin<br>Mayer Brown LLP<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>Tel: (650) 331-2000<br>lrubin@mayerbrown.com<br><br>Abigail M. Bartine<br>Mayer Brown LLP<br>71 S. Wacker Dr.<br>Chicago, IL 60606<br>Tel: (312) 782-0600<br>abartine@mayerbrown.com<br><br>*Attorneys for Plaintiff Joseph Mizrachi* | */s/ John D. Dalton*<br>John D. Dalton<br>Mary Kay Morrissey<br>Kaufman Dolowich & Voluck, LLP<br>135 S. LaSalle St., Suite 2100<br>Chicago, IL 60603<br>Tel: (312) 759-1400<br>jdalton@kdvlaw.com<br>mmorrissey@kdvlaw.com<br><br>*Attorneys for Defendants Lawrence B.*<br>*Ordower and Ordower & Ordower P.C.* |

In accordance with the Court's standing order, Plaintiff Joseph Mizrachi ("Plaintiff") and Defendant Lawrence B. Ordower and Ordower & Ordower P.C. (collectively, "Defendant") hereby submit the following Final Pre-Trial Order.

## I. Jurisdiction

The Court has diversity jurisdiction over the subject matter of this action, as Plaintiff and Defendant are citizens of different states (Florida and Illinois, respectively) and the amount in controversy exceeds $75,000. The Court has jurisdiction over Defendant because Defendant resides in Illinois and a substantial part of the events and acts and omissions giving rise to Plaintiff's claims against Defendant occurred in Illinois.

## II. Claims

The parties have agreed to the following brief statement of the case and their claims, which they have incorporated into a joint proposed preliminary jury instruction:

> This case involves claims of professional malpractice and breach of fiduciary duty by Plaintiff Joseph Mizrachi against Defendant Lawrence B. Ordower related to the purchase of an interest in a company. Plaintiff claims that he, Defendant Ordower, and a third party named Seymour Holtzman had agreed to form a limited liability company ("LLC"), named SJLSJL LLC, of which they would each be equal one-third owners. Plaintiff claims that in addition to being a co-investor in SJLSJL LLC, Defendant Ordower also acted as Plaintiff's lawyer on the deal, and that Defendant committed legal malpractice by failing to communicate with Plaintiff, by representing Plaintiff at the same that he was representing another client with adverse interests, by entering into a transaction with Plaintiff while not getting written consent to act as his lawyer and by engaging in dishonest, fraudulent, and deceitful toward Plaintiff. Plaintiff also claims that Defendants breached their fiduciary duty to them by placing his own personal interests over the interests of Plaintiff and by abusing the trust that Plaintiff had placed in him. Plaintiff claims that as a result of Defendants' malpractice and breach of fiduciary duty, he suffered damages, which includes the loss of his interest in SJLSJL, LLC, his loss resulting from the effort to remove JAL L.P. (which he controls) as managing member of NLMP, and the attorneys' fees he incurred in third-party litigation to protect his interest.

> Defendant Ordower and his law firm Ordower & Ordower, P.C. (another Defendant in this case) deny these claims. Defendant Ordower further claims that he was not Plaintiff's lawyer for the deal, and that even if an attorney-client relationship is found between Plaintiff and Defendant, Defendant did not commit legal malpractice. Specifically, Defendants assert that Plaintiff's claims fail because (1) there was no attorney-client relationship between Plaintiff and Defendants, (2) there was no negligent act or omission on the part of Defendants of a legally cognizable duty owed to Plaintiff, (3) Plaintiff cannot prove that his alleged damages were proximately caused by any breach of duty by Defendants, and (4) Plaintiff cannot prove that he has incurred any damages at all due to Defendant's alleged conduct, as Plaintiff's initial contribution as well as the proceeds of the transaction remain in two escrow accounts pending resolution of the underlying disputes, and an award for damages could lead to double recovery.[1]

## III.  Relief Sought

Plaintiff seeks money damages, as well as disgorgement of Defendant's ill-gotten compensation for legal services rendered to Plaintiff. Plaintiff's money damages take three forms: (1) the amount equal to a one-third ownership share of SJLSJL LLC; (2) the portion of the fee that Plaintiff is entitled to receive as a result of his 50.5% interest in JAL's compensation as the managing member of NLMP, LLC; and (3) reasonable legal fees and expenses incurred in other legal proceedings involving third-party Seymour Holtzman.

With respect to his money damages claims, Plaintiff has submitted appropriate jury instructions for the Court's consideration. However, Plaintiff's request for disgorgement of Defendant's ill-gotten compensation is an equitable remedy that must be resolved by the Court, not the jury. *See Continental Vineyard LLC v. Dzierzawski*, 2018 WL 11195945, at *1 (N.D. Ill. Apr. 5, 2018) (citing *Client Funding Sols. Corp. v. Crim*, 943 F. Supp. 2d 849, 855-56 (N.D. Ill. 2013) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990);

---

[1] The Parties have agreed that the language contained in this "Section II Claims" may be revised after the Court's rulings on certain Motions in Limine submitted by Plaintiff and Defendants, and hereby reserve their rights to make revisions to this "Section II Claims" consistent with said rulings.

*Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012)). Therefore, Plaintiff has not submitted a jury instruction on disgorgement. If, however, the court determines that disgorgement is a question for the jury, then Plaintiff reserves the right to submit an instruction on the elements of disgorgement.

Defendants contend that Plaintiff is not entitled to an award of any damages because he personally has not suffered any damages. Moreover, Defendants contend that Plaintiff is not entitled to (1) his allegedly one-third ownership share of SJLSJL LLC or (2) the portion of the management fee Plaintiff's claims he would have been entitled due to his alleged interest in JAL because any such damages are purely speculative and completely contingent on the results of the Florida case. Defendants contend that Plaintiff is not entitled to an award of legal fees and expenses incurred in other pending legal proceedings because such an award would violate the American Rule regarding attorneys' fees which holds that a plaintiff must bear its own litigation expenses when attempting to recover against a defendant for alleged wrongful acts.

Regarding disgorgement of alleged ill-gotten compensation for legal services rendered to Plaintiff, Defendants agree with Plaintiff that disgorgement is an equitable remedy to prevent unjust enrichment that must be resolved by the Court, not the jury. *See Continental Vineyard LLC v. Dzierzawski*, 2018 WL 11195945, at *1 (N.D. Ill. Apr. 5, 2018) (citing *Client Funding Sols. Corp. v. Crim*, 943 F. Supp. 2d 849, 855-56 (N.D. Ill. 2013) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990); *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012)). Accordingly, Defendants plan on submitting a post-trial brief arguing that any request for disgorgement be denied as a matter of law because Plaintiff has not only failed to prove, but has also failed to even allege the essential elements of an unjust enrichment claim.

## IV. Type and Length of Trial

Trial will be to a jury. The parties anticipate that trial will take approximately five to seven days, including jury selection.

V. **Witnesses**

The parties submit their respective witness lists as follows:

- Plaintiff's witness list is attached as **Exhibit 1A**.
- Defendant's witness list is attached as **Exhibit 1B**.

VI. **Deposition Designations**

The parties submit their respective deposition designations as follows:

- Plaintiff's deposition designations are attached as **Exhibit 2A**. Out of abundance of caution, Plaintiff has designated the deposition testimony of any witnesses whose testimony may potentially need to be admitted through designations, even if Plaintiff intends and will try to call the witnesses through live testimony at trial.
- Defendant's deposition designations are attached as **Exhibit 2B**.

VII. **Exhibits**

The parties submit their respective trial exhibits as follows:

- Plaintiff's trial exhibits are attached as **Exhibit 3A**.
- Defendant's trial exhibits are attached as **Exhibit 3B**.

VIII. **Proposed Voir Dire**

The parties submit their respective proposed voir dire as follows:

- Plaintiff's proposed voir dire is attached as **Exhibit 4A**.
- Defendant's proposed voir dire is attached as **Exhibit 4B**.

IX. **Proposed Jury Instructions**

The parties have reached agreement on many, but not all, proposed jury instructions. They submit their proposed jury instructions as follows:

- Agreed proposed jury instructions are attached as **Exhibit 5A**.

- Disputed proposed jury instructions and objections are attached as **Exhibit 5B**.

## X. Evidentiary Stipulations

In the course of preparing this Pre-Trial order, the Parties have agreed to the following stipulations regarding trial evidence:

(1) The Parties agree that, consistent with Federal Rule of Evidence 615, all fact witnesses, with the exception of Joseph Mizrachi, Adam Mizrachi, and Lawrence Ordower, shall be excluded from observing testimony from other witnesses. The Parties further agree that retained expert witnesses shall be permitted to observe testimony from the other Parties' experts that relate to their opinions.

(2) The Parties agree that the Mayor of Chicago Lori Lightfoot and her connection to Plaintiff's counsel's law firm Mayer Brown LLP are irrelevant to the issues in this case and neither Party shall reference Mayor Lightfoot at trial.

(3) The Parties agree that if video deposition testimony is used, the video/audio of the question resulting in testimony must be used as well as the witness's answer.