UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH MIZRACHI<br><br>    Plaintiff,<br><br>  v.<br><br>LAWRENCE B. ORDOWER and<br>ORDOWER & ORDOWER, P.C.,<br><br>    Defendants. | Case No. 1:17-cv-8036<br><br>Hon. Matthew F. Kennelly |

## PLAINTIFF'S MOTION FOR RELIEF FROM TRIAL TIME LIMITS

Plaintiff Joseph Mizrachi ("Plaintiff"), by and through his undersigned counsel, respectfully requests relief from the Court's April 19, 2021 order (ECF No. 247) setting trial time allocations for the parties, as modified by its orders of May 2, 2021 (ECF No. 248) on motions *in limine*[1] and May 6, 2021 (ECF No. 256) on objections to deposition designations. Based on these three orders, and before any additional deductions,[2] each party has been allocated fourteen hours and forty minutes to present its case. In its April 21, 2021 order, however, the Court "reserve[d] the right to adjust the total time and each side's allocation upward or downward for good cause." ECF No. 247 at 3. Without an increase in the time allocated to Plaintiff, his ability to present his case will be substantially prejudiced. Accordingly, Plaintiff requests a minimum of eighteen hours

---

[1] The Court's ruling on the parties' motions to exclude certain expert testimony excluded eight opinions offered by Defendants' experts and no opinions offered by Plaintiff's experts. For both parties, the Court excluded expert testimony weighing and offering conclusions regarding the evidence. *Id.* at 14. The Court additionally excluded a potential argument by Defendants regarding Plaintiff's entitlement to damages. *Id.* at 13-14. "[G]iven the amount of evidence excluded," the Court reduced the time for each side equally by one hour. *Id.* at 14.

[2] The Court has stated that "[t]ime spent arguing evidentiary or other *in limine* matters aside from those already filed as of the date of this order, including the Court's review of written submissions on such matters, also will count against a side's allocation." ECF No. 247 at 2.

1

of time on the record at trial.

Good cause exists to grant the relief Plaintiff seeks. *See id.* On several occasions over the course of this litigation, Plaintiff informed the Court that he expected the trial in this matter to take up to seven days. Defendants agreed with that estimate. ECF No. 224 (parties' final pre-trial order). Plaintiff's ongoing trial preparation confirms counsel's earlier estimates of the time reasonably needed to present Plaintiff's case. Plaintiff intends to offer testimony from ten affirmative witnesses and expects to cross examine all live witnesses called by Defendants. In light of the time limits ordered by the Court, Plaintiff has undertaken significant efforts to limit the testimony of each witness to only the most relevant testimony and exclude duplication of testimony between witnesses. For example, Plaintiff has eliminated nearly three hours of deposition testimony that he will show the jury—more than a third of the testimony he originally designated for trial.

Even with these cuts, however, Plaintiff—who shoulders the burden of proof in the case—will not be able to fully and fairly present his case in the time allotted. At present, Plaintiff estimates that he will present five hours of deposition testimony and seven hours and forty-five minutes of live testimony, allocated as follows:

- David Finkelstein, 1:47
- James Smith, 1:04
- Sarah Balkissoon, 1:03
- Seymour Holtzman, 0:53
- Robert Koen, 0:11
- Joseph Mizrachi, 3:30
- Adam Mizrachi, 1:15
- Bob Hirshon, 1:15
- Ken Mathieu, 1:00
- Joe Sacher, 0:45

With an additional hour and forty-five minutes allocated in total for opening and closing, Plaintiff will be left with ten minutes to cross-examine all live defense witnesses, including Defendant Ordower, and argue any evidentiary issues that may arise during the course of the trial under the

2

current time allocation. Despite his best efforts to streamline his evidence as much as possible, Plaintiff has determined that he simply will not be able to present his entire case within the existing time limits.

As a result, the current time limitation will severely prejudice Plaintiff and restrict his ability to present his affirmative case in violation of his right to a fair trial. *See Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013) ("[T]he district court abuses its discretion if it so limits the evidence that the litigant is effectively prevented from presenting his or her case."); *Chi. Council of Lawyers v. Bauer*, 522 F.2d 242, 248 (7th Cir. 1975) ("That courts have the duty to ensure fair trials—'the most fundamental of all freedoms'—is beyond question."); *Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1408 (11th Cir. 2011) ("the district court 'has an obligation to ensure a fair trial'"); Fed. R. Civ. P. 16(c)(2)(P) (district court should facilitate "just . . . disposition of the action"); Fed. R. Evid. 611(a)(1) (trial procedures should be "effective for determining the truth").

Plaintiff has already cut nearly three hours of deposition testimony alone, and has reduced the anticipated testimony of his live witnesses to the bare minimum. Because Plaintiff bears the burden of proof, however, and because he will present his case before Defendants, he cannot reasonably limit his case any further. Moreover, the Court's reductions to the time allocations have thus far disproportionately disadvantaged Plaintiff by reducing both sides' time allotments equally. In particular, the Court's rulings on the competing motions to exclude expert testimony only minimally decreased the actual evidence Plaintiff will offer, while excluding substantial portions of testimony from Defendants' experts. Accordingly, although Plaintiff does not oppose increasing the time limit for each side equally, he does not believe it is necessary to do so.

Finally, under the modifications imposed by the Court's May 2 and May 6 orders, the trial

3

is currently scheduled to end half a day short of the full six days reserved by the Court. Granting Plaintiff eighteen hours of time on the record would not, therefore, extend the trial beyond the schedule originally proposed by the Court.

Wherefore, for the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff a minimum of eighteen hours of time on the record at trial.

Dated: May 10, 2021 /s/ Lee H. Rubin
Lee H. Rubin
MAYER BROWN LLP
3000 El Camino Real
Two Palo Alto Square, Suite 3000
Palo Alto, CA 94306
(650) 331-2000
lrubin@mayerbrown.com

Abigail M. Bartine
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
(312) 682-0800
abartine@mayerbrown.com

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served upon all parties of record via the Electronic Filing System of the U.S. District Court for the Northern District of Illinois on May 10, 2021.

*/s/ Lee H. Rubin*
Lee H. Rubin
