# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MIZRACHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17 C 8036 |
| ) | |
| LAWRENCE ORDOWER and ) | |
| ORDOWER & ORDOWER, P.C., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANTS' MAY 7, 2021 MOTIONS

The trial in this case is set to begin on Tuesday morning, May 11, 2021. On Friday, May 7, the defendants (collectively, Ordower) filed a flurry of last-minute motions. The Court notes that they did so understanding that, under the Court's April 19, 2021 trial-time order, "[t]ime spent arguing evidentiary or other *in limine* matters aside from those already filed as of the date of this order, including the Court's review of written submissions on such matters, also will count against a side's [time] allocation." Dkt. no. 247 at 2.

1.  **Unopposed motion for leave to file second amended exhibit 3A**

The Court grants Ordower's motion to assert an additional objection to plaintiff's exhibit 138, but only because Mizrachi does not object (on certain conditions that defendants met). Otherwise the motion would be untimely without a legitimate justification, seeing as how Ordower had access to the actual exhibits long ago and thus cannot have reasonably relied on the titles that Mizrachi gave them in his section of the final pretrial order.

2. **Motion for clarification of order regarding trial time limits**

As the Court has directed, each witness—including the parties—will be called once and will not be recalled later, with an exception to be discussed in a moment. *See Id.* at 4. This is a reasonable and completely appropriate exercise of the Court's authority under Federal Rule of Evidence 611(a) to exercise reasonable control over "the mode and order of examining witnesses and presenting evidence." It will streamline the presentation of the evidence and will facilitate the jurors' understanding of the testimony, as compared with a presentation in which witnesses would appear and reappear depending on whose "case" is being presented.

The exception involves "rebut[ting] evidence offered later that the party wishing to recall the witness could not reasonably have anticipated." Dkt. no. 247 at 4. Ordower contends that this will unfairly prejudice him because it will require him to anticipate testimony by witnesses called by Mizrachi who might testify after defendant Ordower— in particular, the plaintiff. Ordower should stop worrying. The Court will read its order's reference to evidence that the party "could not reasonably have anticipated" liberally, to avoid a situation in which Ordower does not get to rebut testimony that his counsel *did not* anticipate and that is offered after his own testimony. But Ordower's counsel should not expect to be able to defer their examination of Mr. Ordower or any other witness until "their case." That is exactly what the Court's order precludes. Rather, they should do the best they can to address all relevant topics during their examination of Mr. Ordower if and when he is called adversely by Mizrachi. The Court notes that this is in their clients' interest too—for if the trial were run that way, it would effectively permit Mizrachi to cross-examine Ordower on two separate occasions during the trial.

### 3. Renewed motion to stay / motion to clarify or reconsider *in limine* ruling

Ordower has re-renewed his motion to stay this case pending the resolution of litigation in Florida. The Court has discussed the Florida litigation at length in two previous rulings, including its opinion denying Ordower's renewed motion to stay, *see* Dkt. no. 182, and will not repeat the discussion here. The Court again denies the motion.

There is certainly factual overlap between the matters being litigated here—Ordower's alleged legal malpractice and breach of fiduciary duty vis-à-vis Mizrachi—and those being litigated in Florida state court. But Ordower has never been able to identify any matter that must be determined with respect to the Florida litigation to permit the present case to proceed to conclusion. The Court previously rejected Ordower's case-within-a-case argument and sees nothing in the present motion that would suggest that ruling was wrong.

Nor is there any other appropriate basis to stay the present case to await a decision in Florida (presumably including any appeals there, which could take a long time). To be specific, a ruling *against* Mizrachi in the Florida litigation—determining that he does not have an interest in the relevant limited liability company—would be in no way inconsistent with a finding by the jury in the present case that he was improperly deprived of such an interest by Ordower's malpractice or fiduciary breach. In fact, those two determinations would not be in the least bit factually or logically inconsistent, nor would an award of damages to Mizrachi here based on the value of the interest wrongfully denied him (if that is what the jury finds). This scenario might allow Ordower to argue to the Florida judge that the Florida case is moot because Mizrachi has been

fully compensated, or that any monetary award in the Florida case should be offset to avoid a double recovery—but none of that has anything to do with whether the present case may appropriately proceed now. And to look at it from the other direction, any perceived inconsistency between a ruling favorable to Mizrachi in the present case and his claims in the Florida case, may be fully dealt with by the Florida courts, which is the way it should be—the preclusive effect of a judgment is always up to the second court. The same is true of any preclusive effect an unfavorable ruling here might be perceived to have vis-à-vis the Florida case.

Nor would a ruling favorable to Mizrachi in the Florida case—awarding him an interest in the relevant LLC—undermine or preclude his claims in this case. As the Court has previously discussed, Mizrachi has claims for damages in addition to the loss of the value of the LLC interest. And if Mizrachi prevails in the present case and gets an award of damages for the loss of the LLC interest, as just discussed Ordower will be free to argue to the Florida judge that he has already been compensated for the interest he seeks and that this should have a preclusive effect on the Florida litigation.

For these reasons, the Court again denies Ordower's motion to stay.

Ordower's last request is for reconsideration of the Court's ruling barring certain testimony from both sides' experts. The Court precluded the experts from (among other things) rendering opinions on the existence or nonexistence of an attorney-client relationship between Mizrachi and Ordower. The Court stated, however, that the experts could render opinions regarding breaches of provisions of the Illinois Rules of Professional Conduct based on an *assumption* that the jury finds an attorney-client relationship.

4

Ordower seems to think that this unfairly prejudices him because it precludes him from offering an expert opinion that if there is no attorney-client relationship between Mizrachi and Ordower, then Ordower didn't violate the Illinois Rules of Professional Conduct. It's hard to believe this is a serious argument; the key Rules that Mizrachi contends Ordower violated apply, by their terms, only if there is an attorney-client relationship. *See* IRPC 1.4, 1.7 & 1.8 (all cited in the report of Mizrachi's expert). The Court will have no problem with a proposed instruction that specifically tells the jury that these rules apply only if the jury finds an attorney-client relationship existed.[1]

Ordower's real argument, sketched out in his motion, seems to be that he wants his expert to be able to testify about Rule 1.13(g), which doesn't impose any prohibitions or requirements regarding lawyer conduct and which Mizrachi's expert *does not* contend Ordower violated. Rather, it discusses when a lawyer representing an organization may also represent individuals affiliated with the organization.

Ordower has forfeited this point. It was fully available to him when he responded to Mizrachi's motion *in limine* to exclude opinion testimony regarding the existence of an attorney-client relationship, but he did not make the argument in his response to that motion. The Court also notes that it does not appear that Ordower's expert Michael Flaherty addresses Rule 1.13(g) in his report, though the Court hesitates to say that definitively because the report is so long, is not fully text-searchable, and the Court has had limited time to re-review it due to the last-minute nature of this motion. It appears

---

[1] Another rule discussed in the reports by Mizrachi's and Ordower's experts bars deceptive conduct by an attorney even outside the confines of an attorney-client relationship (i.e., vis-à-vis persons other than the lawyer's client), but it is clear from the Court's *in limine* rulings of May 2 that neither side should be expecting to be permitted to elicit expert testimony on whether Ordower acted deceptively or non-deceptively.

5

that Flaherty discusses a different part of Rule 1.13, specifically Rule 1.13(a), but it appears he does so only in connection with his now-excluded opinion that Mizrachi and Ordower did not have an attorney-client relationship. See Dkt. no. 227-3 at ECF pp. 33-36 of 68.

And that is a good segue to another problem with Ordower's motion: it appears to be, in essence, an effort to get in via the back door the very opinion that the Court has precluded. Rule 1.13(g) addresses, perhaps a tad obliquely, who a lawyer representing an organization has an attorney-client relationship with. Were the Court to allow Flaherty to opine regarding the application of Rule 1.13(g) in the situation at issue in the present case, it would effectively undo the ruling the Court made barring expert opinion on the existence of an attorney-client relationship. Ordower has offered no viable basis to allow this.

For these reasons, the Court denies Ordower's motion. The Court will, however, entertain any appropriate request to instruct the jury regarding the application of Rule 1.13, or the legal concept underlying it, in connection with its instructions to the jury on how to determine whether there was an attorney-client relationship between Mizrachi and Ordower.

## Conclusion

For the reasons stated above, the Court grants defendants' motion to file a second amended exhibit 3A to the final pretrial order [258]; denies their motion for clarification of the trial-time-limits order [261] but has in fact clarified it; and denies their motion to clarify or reconsider the *in limine* rulings and their renewed motion to stay [260]. Finally, to return to a topic addressed in the first paragraph of this order, Ordower

is directed to show cause why the Court should not assess trial time against him for the latter motion [260], consistent with the terms of the trial-time-limits order. The Court proposes to assess only one hour, though this is a good deal less time than the Court spent reviewing the motion and the relevant underlying and related material. This will be addressed at the outset of the morning session on May 11.

Date: May 10, 2021

                                                                               MATTHEW F. KENNELLY
                                                                               United States District Judge