# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH MIZRACHI<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAWRENCE B. ORDOWER and<br>ORDOWER & ORDOWER, P.C.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-8036<br><br>Hon. Matthew F. Kennelly |

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff Joseph Mizrachi ("Plaintiff"), by and through his undersigned counsel, respectfully moves to bar Defendants' expert witness, Michael Flaherty, from offering testimony on Illinois Rule of Professional Conduct 1.13 in violation of the Court's orders of May 10, 2021 (ECF No. 263) and May 2, 2021 (ECF No. 248). Based on slides received by Plaintiff's counsel from Defendants' counsel, it appears that Defendants seek, once again, to circumvent the Court's orders by asking Flaherty to opine regarding the existence of an attorney-client relationship between Plaintiff and Defendants. Because the Court has repeatedly ordered that such testimony is inadmissible, Plaintiff requests that Flaherty be barred from offering testimony regarding IRPC 1.13 or Mizrachi's "assumed" status as a mere constituent of SJL in the context of his attorney-client relationship with Defendants.

Pursuant to an agreement between counsel to exchange demonstratives prior to a witness's testimony, Defendants' counsel sent Plaintiff's counsel various slides and other documents to be used during the direct examination of Michael Flaherty. *See* Exhibits A & B. The documents sent by Defendants' counsel include the text of IRPC 1.13 (Ex. A) and slides setting forth an extended

1

hypothetical that includes the assumed fact that "Mr. Mizrachi was a constituent of SJL" (Ex. B at 6). Both of these demonstratives strongly suggest that Defendants intend to elicit Flaherty's testimony on matters that have been expressly and repeatedly prohibited by the Court's prior orders. Indeed, the assumption incorporated into the hypothetical slide that Plaintiff "was a constituent of SJL" raises serious doubt about whether Flaherty intends to assume for purposes of his expert testimony that Plaintiff and Defendants had an attorney-client relationship, as the Court's orders require. In any event, Plaintiff cannot imagine how the Rule 1.13 demonstrative could be relevant to the only permissible topic of Flaherty's testimony—whether, *assuming an attorney-client relationship existed between Plaintiff and Defendants*, Defendants violated IRCP 1.4, 1.7, 1.8, or 8.4. *See* ECF No. 248 (Order on Motions in Limine) at 6. Moreover, Plaintiff has all the more reason to suspect such tactics from Defendants after Defendants failed to disclose in advance of Professor Hirshon's testimony, in violation of the parties' agreement, that they planned to use a demonstrative related to IRPC 1.13.

The Court's orders on this topic could not be more clear. In rejecting Defendants' prior "back door" attempt to admit such evidence, the Court held that were it "to allow Flaherty to opine regarding the application of Rule 1.13(g) in the situation at issue in the present case, it would effectively undo the ruling the Court made barring expert opinion on the existence of an attorney-client relationship." ECF No. 263 (Order on May 7 Motions) at 6. As the Court also noted in that order, Flaherty did not even address Rule 1.13 in the only relevant portions of his report. *Id.* at 5-6.

Wherefore, for the foregoing reasons, Plaintiff respectfully requests that the Court prohibit Defendants from soliciting testimony related to IRPC 1.13 or Mizrachi's status as a mere "constituent" of SJL in the context of forming an attorney-client relationship with Defendants.

Dated: May 16, 2021

*/s/ Lee H. Rubin*
Lee H. Rubin
MAYER BROWN LLP
3000 El Camino Real
Two Palo Alto Square, Suite 3000
Palo Alto, CA 94306
(650) 331-2000
lrubin@mayerbrown.com

Abigail M. Bartine
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
(312) 682-0800
abartine@mayerbrown.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served upon all parties of record via the Electronic Filing System of the U.S. District Court for the Northern District of Illinois on May 16, 2021.

*/s/ Lee H. Rubin*
Lee H. Rubin
