IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED

MAY 18 2021

JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

| | |
|---|---|
| JOSEPH MIZRACHI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17 C 8036 |
| LAWRENCE ORDOWER and ORDOWER & ORDOWER, P.C., | ) ) ) |
| Defendants. | ) ) |

## INSTRUCTIONS TO THE JURY

Date: May 18, 2021

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.  You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially.  Each party to the case is entitled to the same fair consideration.

Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

To the extent that these instructions differ from the instructions that I read you at the beginning of the case, the instructions that I am giving you now are the ones that govern your consideration of this case.

The evidence consists of the testimony and the exhibits admitted into evidence.

Certain testimony was presented to you by remote video transmission and by playing video depositions. You should give this testimony the same consideration that you would give it if the witnesses had appeared and testified here in court.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

Certain things are not evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence. The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the reasonableness of the witness's testimony in light of all the evidence in the case; and

- any inconsistent statements or conduct by the witness.

It is proper for an attorney to meet with any witness in preparation for trial.

**The parties and the claims**

The plaintiff in this case is Joseph Mizrachi. The defendants are Lawrence Ordower and the law firm Ordower & Ordower, P.C. I will refer to both defendants collectively as "Ordower."

Ordower & Ordower, P.C., is a professional corporation and, as such, can act only through its officers and employees. Any act or omission of an officer or employee within the scope of his employment is considered as an act or omission of Ordower & Ordower, P.C. Thus, if you find Lawrence Ordower liable, then you must also find Ordower & Ordower, P.C., liable.

Mizrachi contends that he engaged in a business transaction that involved himself, Ordower, and another individual purchasing an interest in a company. Mizrachi contends that in addition to being a co-investor, Ordower also acted as legal counsel for Mizrachi on the business deal. Mizrachi contends that Ordower committed legal malpractice by failing to communicate with him, representing him while at the same time representing another client with adverse interests, entering into a business transaction with a legal client without written consent, and by fraudulent and deceitful conduct. Mizrachi contends that he was damaged as a result of Ordower's actions, and he seeks to recover for his damages in this lawsuit.

Ordower denies Mizrachi's claims. Ordower contends that he did not act as Mizrachi's lawyer on the business transaction. Ordower also contends that even if there was an attorney-client relationship, he did not commit legal malpractice and committed no negligent acts or omissions. Ordower further contends that Mizrachi cannot show that he personally suffered any damages and that Mizrachi cannot show that any of his claimed damages were caused by any breach of a legal duty on the part of Ordower.

**Preponderance of the evidence**

In the instructions that follow, I will use the term "preponderance of the evidence." When I say that Mizrachi has to prove a proposition by a preponderance of the evidence, I mean that he must prove that the proposition is more likely true than not true.

**Mizrachi's claim**

Mizrachi contends that Ordower failed to exercise reasonable care in his legal representation of Mizrachi and contends that this is shown by Ordower's violation of his professional duties to Mizrachi, including the following allegations:

- Ordower failed to communicate with Mizrachi before the closing of the business transaction about Ordower's and his other clients' intentions to close the deal without Mizrachi.

- While representing Mizrachi, Ordower represented another client whose interests were adverse to Mizrachi, and his representation of Mizrachi was impaired by this representation and by his own personal interests.

- Ordower entered into a business transaction with two clients without obtaining written consent from Mizrachi that he could act as Mizrachi's lawyer and participate in the business transaction at the same time.

- Ordower engaged in dishonest, fraudulent, and deceitful conduct toward Mizrachi.

Ordower denies these allegations.

To prevail on this claim, Mizrachi must prove each of the following propositions by a preponderance of the evidence:

    1.    Mizrachi and Ordower had an attorney-client relationship at the time of the acts alleged.

    2.    Ordower acted or failed to act in one or more of the ways claimed by Mizrachi and in so acting was professionally negligent.

    3.    Mizrachi was injured.

    4.    Ordower's professional negligence was a proximate cause of the injury to Mizrachi.

## Mizrachi's claim – definitions of terms

Now I will provide you with further definitions of some of the terms I have just used.

<u>Attorney-client relationship</u>:  An attorney-client relationship may be an express agreement, or it may be implied through the actions of the parties.  An implied attorney-client relationship exists if Mizrachi shows by a preponderance of the evidence that:  (a) he expressed or acted on his intention to seek legal services from Ordower, and (b) Ordower demonstrated his consent to provide legal services to Mizrachi or should have known that Mizrachi was relying on him for legal services.

A lawyer's representation of a company does not by itself mean that the attorney is individually representing the company's members or shareholders.

<u>Professional negligence</u> by an attorney is the failure to do something that a reasonably careful attorney would do, or the doing of something that a reasonably careful attorney would not do, under circumstances similar to those shown by the evidence.

You may hear during the trial the phrases "violation of the standard of care" or "deviation from the standard of care."  This means the same thing as professional negligence.

The law does not say how a reasonably careful attorney would act under the circumstances shown by the evidence.  That is for you to decide.  In deciding this, you must rely upon opinion testimony from qualified witnesses and evidence of professional standards.  You must not attempt to determine how a reasonably careful attorney would act from any personal knowledge that you may have.

The term <u>proximate cause</u> means a cause that, in the natural or ordinary course of events, produced the plaintiff's injury.  It need not be the only cause, nor the last or nearest cause.  It is sufficient if it combines with another cause resulting in the injury.

**Damages**

If you find in favor of Mizrachi, then you will be called upon to determine what amount of damages, if any, he is entitled to recover.

If you find in favor of Ordower, then you will not consider the question of damages.

Mizrachi must prove his damages by a preponderance of the evidence. An award of damages is meant to reasonably and fairly compensate a plaintiff for any losses proximately caused by the defendant's conduct. Any award of damages must be based on evidence and not speculation or guesswork. In addition, Mizrachi must prove by a preponderance of the evidence that he personally sustained the damages he is seeking to recover.

Mizrachi claims the following damages were proximately caused by Ordower's professional negligence:

- The loss of the value of a one-third ownership share of SJLSJL LLC;
- The portion of the fee that Mizrachi would be entitled to receive as a result of his claimed 50.5% interest in the compensation of JAL Group, L.P. as the managing member of NLMP, LLC; and
- Reasonable legal fees and expenses paid by Mizrachi in connection with the Florida lawsuit filed by SJLSJL LLC.

Whether Mizrachi has proved any of these damages by a preponderance of the evidence is for you to determine.

**Florida lawsuit**

You have heard evidence regarding a lawsuit pending in Florida, originally filed by SJLSJL LLC against Mizrachi, and later including Ordower and Seymour Holtzman as additional parties. This evidence was introduced in connection with Mizrachi's request for damages consisting of legal fees and expenses he has incurred in that case. The eventual outcome of the Florida lawsuit has no bearing on any of the issues that you are called upon to decide, and you should not speculate regarding the Florida lawsuit's merits or outcome.

**Other entities**

You have heard testimony that the funds Mizrachi used to pay for a share of the Benetti interest in Brentwood Capital and to pay legal expenses in the Florida lawsuit were drawn from accounts of certain other companies or limited partnerships. In addition, Mizrachi is seeking to recover damages based on the loss of what he contends was his share of JAL Group, L.P.'s management fee. The fact that these other companies and partnerships are not parties to this lawsuit has no bearing on any issues that you are called upon to decide.

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, YouTube, Twitter, Instagram, or SnapChat; or by using any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 4-4, or 6-2, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The eight of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**VERDICT FORM – Case No. 17 C 8360**

We, the jury, find as follows on the claim of plaintiff Joseph Mizrachi against defendants Lawrence Ordower and Ordower & Ordower, P.C.:

_____    For plaintiff Joseph Mizrachi

_____    For defendants Lawrence Ordower and Ordower & Ordower, P.C.

Please also answer the following question:

Did you find that an attorney-client relationship existed between Mizrachi and Ordower in connection with the purchase of the Benetti interest in Brentwood Capital?

_____    Yes

_____    No

**Damages
(to be considered only if
the jury has found in favor
of plaintiff Joseph Mizrachi)**

We award the plaintiff, Joseph Mizrachi, compensatory damages as follows:

a.   One-third ownership share of SJL:       $_____

b.   Managing member payment:              $_____

c.   Florida lawsuit legal fees and expenses:  $_____

_____           _____
Presiding juror

_____           _____

_____           _____

_____           _____

Dated: May \_\_\_, 2021